IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER MCGEE,

    **Plaintiff,**

    v.                                                                      CASE NO. 23-3245-JWL

AUSTIN J. CHANNELL,

    **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. Plaintiff brings this action against a Correctional Officer at the El Dorado Correctional Facility. Plaintiff alleges that on November 9, 2023, when Plaintiff was "making a bet on a window in [his] cell," the CO hopped up from the control tower, grabbed a shotgun and pointed it at Plaintiff telling Plaintiff to stop kicking the window. (Doc. 1, at 2.) Plaintiff alleges that Plaintiff "never once kicked the window," so Plaintiff "kept on banging because as he was pointing it at me I was not refusing to stop anything he was yelling about because his order was to stop kicking the window." *Id*. at 1–2. Plaintiff seeks to press charges and to recover damages for trauma and PTSD. *Id*. at 7. Plaintiff also attaches his Complaint in Case No. 23-3240. (Doc. 1–1.)

The Court entered a Memorandum and Order (Doc. 2) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachment and found no showing of imminent danger of serious physical injury.

The Court granted Plaintiff until December 8, 2023, to submit the $402.00 filing fee.  The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 2, at 3.)  Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated December 13, 2023, in Kansas City, Kansas.


                           S/ John W. Lungstrum
                           **JOHN W. LUNGSTRUM**
                           **UNITED STATES DISTRICT JUDGE**